IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TERESA A. SIERRA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 11-0808-SSA-CV-W-MJW |
| ) | |
| MICHAEL J. ASTRUE, Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Plaintiff Teresa Anne Sierra seeks judicial review,[1] of a final administrative decision denying plaintiff disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*., and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and an oral argument was held on June 26, 2012. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

**Statement of Facts**

Plaintiff was born in August of 1966 and was 42 years old on the date of her alleged onset of disability. Plaintiff has past relevant work as a telephone interviewer. On October 13, 2009, plaintiff filed a Title II application for disability and disability insurance benefits. Plaintiff also filed a Title XVI application for SSI on October 13, 2009. In both applications, plaintiff alleges onset of disability beginning on October 24, 2008. These claims were denied initially on

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

1

March 12, 2010. Thereafter, plaintiff filed a written request for a hearing, which was held on March 24, 2011. On April 12, 2011, the Administrative Law Judge (ALJ) issued a decision, finding that plaintiff has not been under a disability as defined in the Social Security Act. The Appeals Council denied plaintiff's request for review. Therefore, the April 12, 2011 decision of the ALJ stands as the final decision of the Commissioner.

## Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

Here, the ALJ found that plaintiff meets the insured status requirements of the Social Security Act through December 31, 2013. (Tr. at 10.) The ALJ further determined that plaintiff has not engaged in substantial gainful activity since October 24, 2008, the date of plaintiff's alleged onset of disability. The ALJ found that plaintiff has the following severe impairments: irritable bowel syndrome, fibromyalgia, asthma, migraine headaches, and an affective disorder. The ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. After consideration of the entire record, the ALJ determined that plaintiff has the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a). (Tr. at 12.) The ALJ set forth specific limitations to accommodate plaintiff's impairments. The limitations include: must work on a smooth level surface without the performance of foot controls; must work in an environment without extremely bright light or loud noises; can occasionally bend, but should never crouch, crawl, kneel, squat, or lift from floor level; must work in a clean environment relatively free of dust or other pollutants; cannot work at temperature extremes of hot or cold; and no direct contact with the public. Based on the testimony of a vocational expert, the ALJ determined that plaintiff is capable of performing her past relevant work as a telephone interviewer. (Tr. at 16.) Based on this evidence, the ALJ found that plaintiff has not been under disability since October 24, 2008, the date of plaintiff's alleged onset of disability. (Tr. at 17.)

Plaintiff alleges the ALJ erred in (1) failing to give controlling weight to the opinions of plaintiff's treating physician, Lirio Mahmoud, M.D.; (2) discrediting plaintiff's credibility; and (3) determining plaintiff's RFC. In challenging the RFC determination, plaintiff alleges the ALJ failed to properly account for plaintiff's physical and mental limitations.

The Commissioner has responded in opposition, arguing that the ALJ properly assigned little weight to Dr. Mahmoud's opinions because they were inconsistent with her own treatment notes and the other medical evidence of record. In assessing plaintiff's credibility, the Commissioner asserts that the ALJ properly evaluated the evidence of record and found that plaintiff's subjective complaints were inconsistent with her conservative treatment history, lack of outpatient counseling and inpatient treatment for depression, noncompliance with recommended treatment, and daily activities. The Commissioner further argues that the ALJ

appropriately considered plaintiff's sporadic work history. The Commissioner also asserts that the ALJ properly assessed physical and mental limitations in determining plaintiff's RFC, and properly relied on the vocational expert's testimony to conclude that an individual with plaintiff's limitations could perform her past relevant work as a telephone interviewer.

After reviewing this case in its entirety, and considering the arguments of the parties presented at oral argument on June 26, 2012, this Court does not find the ALJ's determination that plaintiff had the RFC to perform her past relevant work as a telephone interviewer is supported by substantial evidence in the record as a whole. Further development of the record is necessary to properly determine whether plaintiff is disabled. See Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994) (determination of when the Commissioner has failed to develop the record is made on a case-by-case basis). Despite finding plaintiff's irritable bowel syndrome (IBS) to be a severe impairment, the ALJ failed to account for any limiting effects of the condition in his RFC assessment. During the hearing, plaintiff testified that she experiences chronic diarrhea as a result of IBS and requires several restroom breaks throughout a workday. (Tr. at 27-28.) The record contains no evidence as to why restroom breaks were excluded from the RFC. This Court believes that additional evidence is necessary to properly determine the severity of plaintiff's IBS. While indicating plaintiff's significant history of IBS, the medical treatment notes do not illustrate the severity of the symptoms, specifically the frequency of plaintiff's chronic diarrhea.

## Conclusion

After carefully reviewing the record, this Court finds that the administrative record is not sufficiently developed to make a determination as to plaintiff's disability. This case is, therefore, remanded for further development of the record. Further medical evidence in the form of a consultative examination of plaintiff by a medical expert is required in order to fully develop the record. The medical expert should provide a medical source statement specifically addressing the severity of plaintiff's irritable bowel syndrome.

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is reversed and this case is remanded, pursuant to sentence four, 42 U.S.C. § 405(g), for further consideration and development of the record as set forth herein.

4

Dated this 12th day of July, 2012, at Jefferson City, Missouri.


/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge